IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BETTYE PRICE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-04-451 |
| | § | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | § § § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING DEFENDANT'S RULE 56 MOTION FOR SUMMARY JUDGMENT

This case arises out of an alleged contract for the sale of real property by the Federal National Mortgage Association ("Defendant") to Bettye Price ("Plaintiff"). Now before the Court comes Defendant's Rule 56 Motion for Summary Judgment. For the following reasons, Defendant's Motion is **GRANTED**.

I. Background

On March 22, 2004, Defendant, Harold Higgins, and Kennedy Holden entered into a Rule 11 Agreement to settle a case brought by Higgins and Holden against Defendant in the 239th District Court of Brazoria County, Texas. (Def.'s Ex. 1.) The Parties agreed to execute an Agreed Judgment in favor of Defendant on all counts, and they agreed that Defendant owned the property at 4817 CR 288, Angleton, Texas. On April 23, 2004, the state court filed an Agreed Judgment confirming judgment in favor of Defendant and confirming Defendant's ownership of the property. (Def.'s Ex. 2.) Pursuant to the Agreed Judgment, the Parties entered into a Settlement Agreement, which again confirmed Defendant's ownership of the property. The Agreement stated in part: "Consistent with

the terms and conditions of this Agreement and the Sales Contract and Addendum, Fannie Mae agrees to sell the Property to Plaintiffs' buyer, Bettye Price." Defendant agreed not to execute its writ of possession before July 1, 2004 to give Plaintiff a chance to complete the sale or for Higgins and Holden to pay off their debt of $364,000 by June 30, 2004. Defendant would execute the writ if it did not receive $364,000 before June 30.

The Sales Contract listed Plaintiff as the buyer and Defendant as the seller; gave the price as $364,000; required $45,000 as earnest money to be deposited upon execution of the contract if the full purchase price was not tendered on or before June 30, 2004; and gave June 30, 2004 as the closing date. (Def.'s Ex. 5.) The Real Estate Purchase Addendum included a "time is of the essence clause" with June 30, 2004 as the closing date and also a waiver by the purchaser of a right to specific performance. Defendant did not receive a signed copy of the contract from Plaintiff, so Defendant signed it and sent it to Plaintiff on June 30, 2004. Acting in good faith, Defendant continued to negotiate with Holden and Higgins, whom Defendant believed were acting on Plaintiff's behalf. Plaintiff signed the Sales Contract on July 2, 2004. (Def.'s Ex. 6.) Plaintiff did not tender either the full purchase price or the earnest money. On July 7, 2004, Defendant's escrow agent received a check from Higgins for the $45,000, but Defendant was informed that the account did not have sufficient funds to cover the check. Defendant stopped negotiations.

Plaintiff now sues for specific performance of the Sales Contract based on her allegation that Defendant breached the contract by failing to sell the property to her. Defendant moved for summary judgment on June 15, 2005, and Plaintiff's response was due on July 5, 2005. However, Plaintiff's counsel informed the Court's Case Manager that his client would not authorize him to file a response, and none has been filed.

II. Summary Judgment Standard

Although failure to respond to a motion is normally considered "a representation of no opposition," when the motion is for summary judgment, the Court must still consider the motion on its merits. L.R. 7.4; *see, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60, 90 S. Ct. 1598, 1609-10, 26 L. Ed. 2d 142 (1970); *Dawkins v. Green*, 412 F.2d 644, 646 (5th Cir. 1969).

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. The non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The court must view all evidence in the light most favorable to the non-movant. *See, e.g.*, *Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003), *cert. denied*, 539 U.S. 915, 123 S. Ct. 2276, 156 L. Ed. 2d 130 (2003). If the evidence would permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should not be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

III. Analysis

First, to assert a breach of contract action, Plaintiff must show that a valid contract exists; that she performed or tendered performance; that Defendants breached the contract; and that she

sustained damages as a result of the breach. *See Valero Marketing & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.–Houston [1st Dist.] 2001, no writ).

The elements of a valid contract under Texas law are: "(1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding." *Hubbard v. Shankle*, 138 S.W.3d 474, 481 (Tex. App.–Ft. Worth 2004, writ denied). Plaintiff has not actually shown that a valid contract exists. She did not sign the contract until after the closing date stated in the contract, which calls into question her acceptance in strict compliance with the terms of the offer. She never tendered the earnest money, which was a condition of ratification of the contract. If the contract was never executed, it is not valid and enforceable.

Even if a valid contract exists, if Plaintiff breached the contract first, then that excuses Defendant from performance and bars Plaintiff from relief in a breach of contract action. *See Barnett v. Coppell North Texas Court, Ltd.*, 123 S.W.3d 804, 815 (Tex. App.–Dallas 2003, writ denied); *Valero*, 51 S.W.3d at 351. *Plaintiff did not tender the earnest money by the due date, nor has she ever tendered the full purchase price.* The contract states outright: "If Buyer fails to deposit the earnest money as required by this contract, Buyer will be in default." It also states that the seller will deliver to the buyer possession of the property "upon closing and funding." Neither closing nor funding occurred. Plaintiff simply cannot ask this Court to order Defendant to give her land for which she has never paid or even demonstrated an ability to pay. Had Plaintiff at some point during these proceedings tendered the full purchase price of the property, the Court might have been inclined to grant the desired relief. Plaintiff has not done so. Additionally, Plaintiff breached the time is of the essence clause in the Real Estate Addendum by failing to close by June 30, 2004.

Finally, the contract that Plaintiff wishes to enforce contains a clause waiving the right to seek specific performance. Plaintiff cannot ask the Court to enforce some but not all of the contract provisions as Plaintiff chooses. Plaintiff has not shown any facts demonstrating her entitlement to specific performance of the Sales Contract.

IV. Conclusion

Plaintiff has not demonstrated that a genuine issue of material fact exists as to whether a valid contract exists and whether she performed or tendered performance. Therefore, her claim for breach of contract fails. Defendant's Motion for Summary Judgment is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**. Each Party is to bear its own taxable costs and expenses incurred herein to date. A Final Judgment will be issued contemporaneously with this Order.

**IT IS SO ORDERED**.

**DONE** this 20th day of July, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge